# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT A. MEDFORD, )
#Y22728, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　)
　　vs. ) Case No. 17-cv-1014-JPG
　　　　　　　　　　　　　　　　　　　　　　)
UNKNOWN PARTY, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Scott Medford, an inmate who is currently incarcerated in Menard Correctional Center ("Menard"), brought a civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at St. Clair County Jail ("Jail"). *See Medford v. McLaurin*, Case No. 17-cv-243-JPG (S.D. Ill.) ("original action"). In the original action, Plaintiff brought several unrelated claims against different groups of individuals. (Doc. 2). Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court severed those claims into new cases. (Doc. 1). The instant case addresses a single severed claim for unconstitutional conditions of confinement based on Plaintiff's exposure to an inmate who suffered from staph infection at the Jail. ("Count 8," original action).

This case is now before the Court for a preliminary review of Count 8 pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Count 8 does not survive screening under this standard.

## The Complaint

Plaintiff sets forth the following allegations in support of his claim for unconstitutional conditions of confinement, based on his exposure to staph infection:

> Arthur Hunsaker an inmate on AB-Block Cell #9 had staph spreading rapidly. On 4-26-17 the entire Block wrote Captain Complaint to administrator and supervisor asking that Arthur be treated he had complained for a week without being seen by medical. After complains went out Arthur refused to lock down. SGT Bojack inspected Arthur and sent him back in his cell; SGT Bojack isn't medical. Arthurs huge boils were later bandage[d] and he was given antibiotics the[n] placed back on Block. This exposure to staph shoudn't have occu[r]red. Intentionally put in harmful conditions with no reguard for inmates safety. On 5/11/17 they finally move Arthur to infirmary.

(Doc. 2, p. 8) ("Count 8," original action). Along with the Complaint, Plaintiff included a copy of a "Complaint Form" that he filed at the Jail on or around April 26, 2017. The form includes much of the same information set forth above. *Id*. Plaintiff does not address the form to any particular individual, and the section designated for an official response is blank. *Id*.

## Discussion

In its Severance Order, the Court characterized this severed claim as follows:

**Count 8 –** Unconstitutional conditions of confinement claim for failing to move an inmate with a staph infection out of the general population, therefore allowing Plaintiff to be exposed to the infection.

(Doc. 1, p. 7). The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

In order to state a claim under § 1983, a plaintiff must establish that he was deprived of a constitutionally protected right by a defendant who acted under color of state law. 42 U.S.C. § 1983. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993); *Patrick v. Jasper Cnty.*, 901 F.2d 561, 565 (7th Cir. 1990). A government official may not be held liable under § 1983 on a theory of *respondeat superior*, based on a subordinate's unconstitutional conduct. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability requires personal involvement in or personal responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). A supervisory official is personally responsible for a constitutional deprivation, if he or she "know[s] about the conduct and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye" to it. *Gentry*, 65 F.3d at 561.

The problem with Count 8 is that Plaintiff does not name any defendants in connection with this claim. Plaintiffs are required to associate specific defendants with specific claims, so that each defendant is put on notice of the claim(s) brought against him or her and so the defendant can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included the name of a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *Id*. Merely invoking the name of a potential defendant is not sufficient to state a claim against an individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

The only individuals who are mentioned in the section describing this claim are Sergeant Bojack, an administrator, and a supervisor. (Doc. 2, p. 8). However, none of these individuals are identified as defendants in the case caption or in the list of defendants. (Doc. 2). When parties are not listed in the caption, this Court will not treat them as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Any claims against them are considered dismissed without prejudice. Therefore, any claims against Sergeant Bojack, the administrator, and the supervisor are considered dismissed without prejudice from this action.

Because Plaintiff asserts no specific allegations against the Unknown Party and also did not name Sergeant Bojack, an administrator, or a supervisor as a defendant, both Defendant Unknown Party and Count 8 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. However, Plaintiff will be granted leave to file an amended complaint in this action that focuses only on Count 8. If he chooses to do so, he must comply with the instructions and deadline for amending that are set forth in the below Disposition.

**Pending Motion**

Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 3), which will be addressed in a separate court order.

**Disposition**

**IT IS HEREBY ORDERED** that the **COMPLAINT**, including **COUNT 8**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **UNKNOWN PARTY** is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff

shall file his First Amended Complaint, identifying the defendant(s) who allegedly exposed him to staph infection at the Jail and any facts which may exist to support his claim against each defendant. The First Amended Complaint must be filed on or before (**October 24, 2017**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.,* 17-cv-1014-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his amended complaint, and his claim(s) must pertain to his exposure to staph infection. Claims that are unrelated to Count 8 will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and

Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: September 25, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.