IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT A. MEDFORD, #Y22728, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 17-cv-1014-JPG ) |
| SGT. BONJACK and NURSE JANE or JOHN DOE, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the First Amended Complaint (Doc. 9) filed by Plaintiff Scott Medford, an inmate who is currently incarcerated in Menard Correctional Center ("Menard"). Plaintiff originally filed this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at St. Clair County Jail ("Jail"). *See Medford v. McLaurin*, Case No. 17-cv-243-JPG (S.D. Ill.) ("original action"). In the Complaint, Plaintiff brought several unrelated claims against different defendants. (Doc. 2). Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court severed the unrelated claims into new cases. (Doc. 1) ("Severance Order").

The instant case was opened on September 21, 2017. (Doc. 1). It addresses a single severed claim for unconstitutional conditions of confinement based on Plaintiff's exposure to an inmate who suffered from staph infection. ("Count 8," original action). The Court screened this claim under 28 U.S.C. § 1915A, but it did not survive preliminary review. (Doc. 5). In a Dismissal Order dated September 25, 2017, Count 8 was dismissed without prejudice. *Id.*

1

However, Plaintiff was granted leave to re-plead the claim by filing a First Amended Complaint by October 24, 2017.[1] *Id*.

Plaintiff filed a timely First Amended Complaint on October 25, 2017, and it is now subject to preliminary review pursuant to 28 U.S.C. § 1915A. (Doc. 9). Section 1915A provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint does not survive screening and shall be dismissed.

### **First Amended Complaint**

Plaintiff sets forth the following allegations in his First Amended Complaint:

---

[1] At Plaintiff's request, this deadline was extended to November 24, 2017. (Docs. 7 and 8).

> Arthur Hunsaker an inmate on AB Block Cell #9 had staph spreading rapidly. On 4-26-17 the entire Block wrote Captain Complaint to administrator and supervisor asking that Arthur be treated[.] [H]e had complained for a week without being seen by medical. After complain[t]s went out[,] Arthur refused to lock down. SGT Bojack inspected Arthur and sent him back in his cell[.] SGT Bojack isn't medical. Arthur's huge boils were later bandaged by a nurse[,] and he was given antibiotics but th[e]n placed back on the Block [and] not in medical. This exposure to staph shoudn't have occu[r]red. Intent[ionally] put in harmful conditions with no reguard (sic) for inmates (sic) safety. For over two weeks they did nothing to move him.

(Doc. 9, p. 9). The allegations in the First Amended Complaint are virtually identical to the allegations in the original Complaint. (*See* Doc. 2, p. 8).

## Discussion

In its Severance Order, the Court characterized Count 8 as follows:

**Count 8 –** Unconstitutional conditions of confinement claim for failing to move an inmate with a staph infection out of the general population and allowing Plaintiff to be exposed to the infection.

(Doc. 1, p. 7). The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

### Applicable Legal Standard

The applicable legal standard for this claim depends on Plaintiff's status at the time of the above-described events. Claims brought by a pretrial detainee are governed by the Fourteenth Amendment Due Process Clause. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2472 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)). Claims brought by a prisoner are governed by the Eighth Amendment. *Id*. The Seventh Circuit Court of Appeals explains the difference between the two legal standards, as follows:

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), while a convicted prisoner is entitled to be free from conditions that

3

constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309. Although pretrial detainees are afforded "*at least* as much protection as the constitution provides convicted prisoners," the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (emphasis in original) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999) (citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)). The Seventh Circuit has explained that there is little practical difference between conditions of confinement claims brought pursuant to the Fourteenth Amendment and claims asserted under the Eighth Amendment. *Smith*, 803 F.3d at 310 (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013)).

### 1. Basic Human Need

Under both standards, an adverse condition of confinement supports a constitutional claim when it results in the denial of a basic human need and creates an excessive risk of harm to the plaintiff. *Smith*, 803 F.3d at 309-10. Basic human needs include "adequate food, clothing, shelter, and medical care." *Id*. (quoting *Farmer*, 511 U.S. at 832). *See also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012). Plaintiff has not identified any basic human need that he was denied.

The First Amended Complaint does not describe any actual harm Plaintiff suffered that was either physical or psychological in nature. (Doc. 9). Plaintiff does not explicitly state that he contracted staph infection from another inmate. *Id*. He does not allege that he was exposed to

4

staph.  *Id*.  He does not even indicate that he feared exposure.  *Id*.  There is no suggestion that Plaintiff was housed with or near the infected inmate or that he came into contact with this inmate during his detention.  *Id*.  Plaintiff also fails to describe any other conditions that might support his claim, such as a known outbreak of staph among the inmates, unsanitary conditions that could result in the rapid spread of infection, or other conditions that resulted in the denial of a basic human need in combination with one another.  *Id*.

Section 1983 is a tort statute and, as such, requires a defendant to "breach a duty owed to the plaintiff, who must suffer cognizable legal harm."  *Doe v. Welborn*, 110 F.3d 520, 523 (7th Cir. 1997).  "Proof of actual injury" is a "critical condition precedent to the plaintiff's case."  *Id.* In other words, a plaintiff must "show that he suffered some cognizable harm from the overall lack of a sanitary environment."  *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016) (citing *Carey v. Piphus*, 435 U.S. 247, 264, (1978)).  Absent any allegations to this effect, the First Amended Complaint fails to state a colorable claim for unconstitutional conditions of confinement.

### 2. Culpable State of Mind

Also under both standards, the defendant must act with a sufficiently culpable state of mind, which is deliberate indifference in the context of the Eighth Amendment.  *Smith*, 803 F.3d at 309 (citing *Sain v. Wood*, 512 F.3d 886, 893-94 (7th Cir. 2008); *Board v. Farnham*, 394 F.3d at 478; *Cavalieri v. Shepard*, 321 F.3d at 620).  The state of mind requirement is satisfied, where an inmate sets forth allegations which suggest that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff."  *Smith*, 803 F.3d at 309, n. 2 (citing *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley*, -- U.S. --, 135 S. Ct. at 2472)).

5

This Court has found that allegations "that a prison official knowingly exposed an inmate to an infectious disease that might cause him future harm states a claim for deliberate indifference to a serious medical need" at screening. *Tedrick v. Fayette Cnty. Jail*, No. 17-cv-1031-JPG, 2017 WL 5613008, at *3-5 (S.D. Ill. Nov. 21, 2017) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997); *Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, conditions of confinement may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm)). In the First Amended Complaint, it is unclear whether the officer or nurse knew that Plaintiff was exposed to a serious risk of harm at all. (Doc. 9). Plaintiff does not allege that any inmates submitted written grievances or complaints to the defendants. *Id*. He does not allege that either defendant actually knew of the inmate's diagnosis with staph infection or Plaintiff's particular susceptibility to it. *Id*. Certainly, the allegations fall short of demonstrating that either defendant acted with a "purposeful, a knowing, or possibly a reckless state of mind" when allegedly subjecting Plaintiff to the risk of infection. The allegations fail to satisfy the subjective component of this claim as well. Accordingly, Count 8 shall, once again, be dismissed for failure to state a claim upon which relief may be granted.

**Pending Motion**

Along with the First Amended Complaint, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 9, pp. 9-15; Doc. 10). In the Motion, Plaintiff seeks counsel to represent him in this matter because he suffers from unspecified mental health issues and does not "understand what[']s going on." (Doc. 9, p. 15). In addition, his law library access is limited to once per week. *Id*. Along with the Motion, Plaintiff filed a single letter from an attorney who declined to

represent him in this matter. (Doc. 9, p. 14). He also submitted authorizations for payment of postage on letters to several other attorneys. (Doc. 9, pp. 11-13). Plaintiff did not attach a copy of any of these letters to the Motion. *Id.*

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the district court has discretion to recruit counsel for an indigent litigant. *See* 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When determining whether it is appropriate to recruit counsel on behalf of an indigent litigant, the Court must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own; if so, the Court must also consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

It appears that Plaintiff has taken several initial steps to recruit counsel on his own. He provided the Court with one letter from an attorney, which is dated October 2017 and indicates that the attorney is unable to represent him. (Doc. 9, p. 14). However, Plaintiff did not include copies of the correspondence he sent out in an effort to retain counsel. Given this lack of information, the Court is unable to conclude that Plaintiff made reasonable efforts to locate counsel on his own before seeking the Court's help.

When analyzing the difficulty of this case, "[t]he question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors

as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*. Plaintiff has demonstrated an ability to represent himself to date. He has met court deadlines by filing properly completed and coherent papers, including complaints and motions. His case presents a single straightforward claim for unconstitutional conditions of confinement. The claim is not complex and requires him to describe, in basic factual terms, his level of exposure to staph infection, his particular vulnerabilities, and each defendant's awareness of the risks the staph infection posed to him. Other than unspecified mental health issues, Plaintiff describes no significant impediments to litigating this matter going forward. This includes educational, language, health, or mental health barriers.

For these reasons, Plaintiff's Motion to Appoint Attorney (Doc. 10) is **DENIED** without prejudice. However, the Court remains open to the appointment of counsel in the future. Plaintiff may renew the motion at any time he deems it appropriate to do so.

## Disposition

**IT IS HEREBY ORDERED** that the **FIRST AMENDED COMPLAINT**, including **COUNT 8**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **SGT. BONJACK** and **JANE OR JOHN DOE (NURSE)** are dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, identifying the defendant(s) who allegedly exposed him to staph infection at the Jail, indicating whether he contracted the infection or was otherwise injured, and setting forth any facts which may exist to support his claim against each defendant.

The Second Amended Complaint must be filed on or before (**February 22, 2018**). Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.,* 17-cv-1014-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his amended complaint, and his claim(s) must pertain to his exposure to staph infection. Claims that are unrelated to Count 8 will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second

Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: January 24, 2018**

*s/ J. Phil Gilbert*
**U.S. District Judge**