# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT A. MEDFORD, #Y22728, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 17-cv-1014-JPG ) |
| SGT. BONJACK and NURSE JANE or JOHN DOE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the Second Amended Complaint (Doc. 12) filed by Plaintiff Scott Medford on February 15, 2018. The instant case was severed from a civil rights action that Plaintiff filed pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at St. Clair County Jail ("Jail"). *See Medford v. McLaurin*, Case No. 17-cv-243-JPG (S.D. Ill.). This case addresses a single claim against Sergeant Bonjack and Nurse John or Jane Doe for exposing Plaintiff to staph infection. ("Count 8," original action). The Court screened the claim pursuant to 28 U.S.C. § 1915A in the original Complaint and First Amended Complaint, but it did not survive preliminary review either time. (Docs. 5, 11). Plaintiff now reasserts the claim in a Second Amended Complaint. (Doc. 12).

Count 8 is once again subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable

1

> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **Second Amended Complaint**

According to the allegations in the Second Amended Complaint, Plaintiff was exposed to an inmate, named Arthur Hunsicker, who suffered from staph infection. (Doc. 12, p. 10). Inmate Hunsicker complained of a rapidly spreading infection for a week before receiving antibiotic treatment from a nurse. *Id*. He remained in Plaintiff's cell block for two weeks before being transferred to the infirmary. *Id*.

During this time period, Plaintiff frequently encountered Inmate Hunsicker in the chow hall and dayroom. (Doc. 12, p. 10). Plaintiff was housed in cell #9, and Inmate Hunsicker was housed in cell #11. *Id*. The two inmates often sat near one another at meals. *Id*. Their clothing and skin frequently touched. *Id*. Inmate Hunsicker's staph infection was visible to Plaintiff and caused him to fear infection. *Id*. After each encounter with Inmate Hunsicker, Plaintiff routinely

returned to his cell and washed his body with cold water. *Id*.

The conditions at the Jail were generally unclean. (Doc. 12, p. 10). These conditions included moldy showers, cold showers, and weekly clothing changes. *Id*. Although Plaintiff is pursuing a separate suit to challenge the conditions, he maintains that the same conditions increased his risk of contracting staph infection from Inmate Hunsicker. *See Medford v. Unknown Party*, No. 17-cv-01012-JPG (S.D. Ill.). However, the Second Amended Complaint does not indicate that Plaintiff or any other inmates were diagnosed with staph following their exposure to Inmate Hunsicker or that they exhibited any symptoms of infection. (Doc. 12, pp. 10-11).

On April 26, 2017, the entire block wrote a Captain Complaint to an unnamed administrator and supervisor, asking them to send Inmate Hunsicker out for treatment. (Doc. 12, p. 10). Even after the inmates complained, Inmate Hunsicker refused to lock down. *Id*. Sergeant Bonjack inspected him and sent him back to his cell. *Id*.

An unknown nurse, identified herein as Nurse John or Jane Doe, examined Inmate Hunsicker approximately one week into the relevant time period. (Doc. 12, p. 10). The nurse bandaged his "huge boils" and gave him antibiotics before telling Inmate Hunsicker to return to his cell block. (Doc. 12, p. 11). A week later on May 11, 2017, Inmate Hunsicker was moved into the infirmary. *Id*. It is not clear when Inmate Hunsicker was actually diagnosed with staph infection. (Doc. 12, pp. 10-11).

Plaintiff maintains that the defendants unnecessarily and recklessly exposed inmates to staph for two weeks. (Doc. 12, p. 11). He asserts that this should not have happened. *Id*. As a result of the exposure, Plaintiff suffered from psychological harm. *Id*. He seeks an injunction requiring Jail officials to address grievances and monetary damages. (Doc. 12, p. 12).

**Discussion**

In its Severance Order, the Court characterized Count 8 as follows:

**Count 8 –** Unconstitutional conditions of confinement claim for failing to move an inmate with a staph infection out of the general population and allowing Plaintiff to be exposed to the infection.

(Doc. 1, p. 7). The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

The applicable legal standard for this claim depends on Plaintiff's status as a pretrial detainee or a prisoner during the relevant time period. Claims brought by pretrial detainees are governed by the Fourteenth Amendment Due Process Clause, which prohibits conditions of confinement that constitute "punishment." *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2472 (2015); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)). Claims brought by prisoners are governed by the Eighth Amendment, which prohibits conditions that amount to cruel and unusual punishment. *Smith*, 803 F.3d at 309 (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Although pretrial detainees are afforded "*at least* as much protection as the constitution provides convicted prisoners," the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (emphasis in original) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999) (citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)). The Seventh Circuit has explained that there is little practical difference between conditions of confinement claims brought pursuant to the Fourteenth Amendment and

claims asserted under the Eighth Amendment. *Smith*, 803 F.3d at 310 (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013)).

In both contexts, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the prison official must possess a sufficiently culpable state of mind. *Smith*, 803 F.3d at 309. To satisfy the objective element of this claim in the Eighth Amendment context, the plaintiff must show that the conditions denied him "the minimal civilized measure of life's necessities" and created an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The subjective element requires the plaintiff to demonstrate that the defendant acted with deliberate indifference. *Smith*, 803 F.3d at 309 (citing *Sain v. Wood*, 512 F.3d 886, 893-94 (7th Cir. 2008); *Board*, 394 F.3d at 478; *Cavalieri*, 321 F.3d at 620). The state of mind requirement is satisfied, where an inmate sets forth allegations which suggest that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Smith*, 803 F.3d at 309, n. 2 (citing *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley*, -- U.S. --, 135 S. Ct. at 2472)). Allegations that a prison official knowingly exposed inmates to a serious, communicable disease can support an Eighth Amendment claim for screening purposes. *See, e.g., Tedrick v. Fayette Cnty. Jail*, No. 17-cv-1031-JPG, 2017 WL 5613008, at *3-5 (S.D. Ill. Nov. 21, 2017) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997); *Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, conditions of confinement may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm)).

However, the Second Amended Complaint does not satisfy the objective element of this claim. Plaintiff describes an isolated case of staph infection at the Jail. (Doc. 12, pp. 10-11). He alleges that the generally unclean conditions of the Jail increased his risk of infection. *Id*. However, Plaintiff does not allege that he ever developed staph infection as a result of his exposure to the infected inmate. *Id*. Plaintiff does not claim that he suffered from any symptoms of infection. *Id*. He also does not indicate that anyone else suffered from staph infection or symptoms of infection. *Id*. Plaintiff is no longer housed at that Jail. (Doc. 12, p. 1).

Although he suffered no actual harm to his physical health, Plaintiff also complains of the psychological harm caused by his exposure to the potential health hazard. (Doc. 12, p. 10-11). He describes instances of fear and anxiety following his encounters with the infected inmate. *Id*. The lack of physical harm does not doom his claim. Depending upon the severity, frequency, and duration of his exposure to infection at the Jail, Plaintiff's psychological harm alone could support an Eighth Amendment claim. *See, e.g., Thomas v. Illinois*, 697 F.3d at 616. But Plaintiff does not describe a severe, frequent, or prolonged exposure to staph infection at the Jail. He describes a single infected inmate, who lived in a different cell. (Doc. 12, pp. 10-11).

A single case of infection in another inmate does not establish constitutionally inadequate conditions of confinement. *See, e.g., Striblin v. Buncich*, 2015 WL 4724899, at *6–7 (N.D. Ind. Aug. 7, 2015) (citing *Shepherd v. Dallas County,* 591 F.3d 445, 454 (5th Cir. 2009) ("[I]solated examples of illness . . . standing alone, cannot prove that the conditions of confinement are constitutionally inadequate. Nor can the incidence of diseases or infection, standing alone, imply unconstitutional confinement conditions, since any densely populated residence may be subjected to outbreaks. . . . Rather, a detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs.")). An outbreak

6

of staph infection among detainees following their exposure to Inmate Hunsicker or a pervasive pattern of deficiencies in sanitation or medical care leading to infection might satisfy the objective element of this claim. *Id*. at *6-7 (citing *Duvall v. Dallas County, Texas,* 631 F.3d 203, 208 (5th Cir.2011) (finding evidence sufficient to establish conditions were cruel and unusual where there "had been serious outbreaks of MRSA in the Jail for at least three years before [the plaintiff's] arrival."). However, the allegations in the Second Amended Complaint describe no such thing.

Even if the Court assumes that Plaintiff's psychological harm was sufficiently serious to satisfy the objective component of this claim, Plaintiff does not establish that either defendant exhibited deliberate indifference toward Plaintiff. The allegations describe no encounters between Sergeant Bonjack or Nurse Doe and Plaintiff. (Doc. 12, p. 10). It mentions only one encounter between Sergeant Bonjack and Inmate Hunsicker. *Id*. The sergeant "inspected" the inmate and ordered him to return to his cell. *Id*. The "inspection" occurred early in the two-week period, and no allegations suggest that the sergeant observed or ignored signs of infection when sending Inmate Hunsicker back to his cell. *Id*. It is not even clear whether the "inspection" of Inmate Hunsicker had anything to do with the inmate's medical condition. *Id*. Sergeant Bonjack was described as a nonmedical staff member. *Id*. Certainly, the allegations offer no suggestion that the sergeant acted knowingly or with reckless disregard *with respect to Plaintiff*. No claim of deliberate indifference is stated against Sergeant Bonjack.

Likewise, the allegations fail to support a deliberate indifference claim against the unknown nurse. Plaintiff alleges that Nurse Doe bandaged Inmate Hunsicker's "huge boils" and treated him with antibiotics in early May 2017. (Doc. 12, pp. 10-11). Plaintiff does not allege that the nurse knew that Inmate Hunsicker suffered from staph infection at the time. *Id*. It is

7

unclear when or if Inmate Hunsicker received a formal diagnosis of staph infection or what type of staph infection he had. *Id*. Plaintiff also does not describe any complaints or conversations he had with Nurse Doe about his own exposure to infection. *Id*. He did not ask the nurse to move him to a different cell or express concern to the nurse about his frequent casual contact with the inmate. *Id*. Given the allegations, the Court cannot find any suggestion that Nurse Doe exhibited deliberate indifference toward Plaintiff and the conditions of his confinement.

Plaintiff again states no claim against Sergeant Bonjack or Nurse John or Jane Doe for unconstitutional conditions of confinement at the Jail. Count 8 does not survive preliminary review and shall be dismissed. In addition, the Second Amended Complaint and this action shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Disposition

**IT IS HEREBY ORDERED** that the Second Amended Complaint (consisting only of **COUNT 8**) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **SGT. BONJACK** and **JANE OR JOHN DOE (NURSE)** are dismissed with prejudice for the same reason.

Plaintiff is **ADVISED** that this dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Further, because two of Plaintiff's other lawsuits[1] have also been dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, the dismissal of this case gives Plaintiff his third "strike." Accordingly, if Plaintiff seeks to file any future civil action *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he

---

[1] *Medford v. Unknown Party*, No. 17-cv-01013-JPG (S.D. Ill. dismissed Oct. 30, 2017) (failure to state a claim); *Medford v. Unknown Party*, No. 17-cv-01016-JPG (S.D. Ill. dismissed Jan. 31, 2018) (failure to state a claim).

8

can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to prepay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[2] FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: February 27, 2018**

s/J. Phil Gilbert
**U.S. District Judge**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).